# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROBERT L. THOMAS, et al., )
        Plaintiffs, )
vs. ) Case No. CIV-07-121-F
METROPOLITAN LIFE INSURANCE )
COMPANY, et al., )
        Defendants. )

## ORDER

"Defendant Metlife's Motion to Compel Plaintiffs to Comply with PSLRA Notice Provisions and for Stay," filed August 1, 2007, is before the court. (Doc. no. 81.) Plaintiffs have responded, defendant has replied, and the motion is ready for determination.

Defendant's motion asks the court to require plaintiffs to give new notice for purposes of appointment of lead plaintiff, citing the notice provisions of 15 U.S.C. §78u-4(a)(3)(A)-(B), of the Private Securities Litigation Reform Act ("PSLRA"). Although timely notice was previously given under these provisions, defendant contends that new notice is now required, following the filing of the first, and now the second, amended complaints, because those pleadings allege new claims, cover a more extended class period, purport to add a new class, and purport to add a new, *de facto* lead plaintiff to represent that new class -- all without compliance with the statute's mandatory notice provisions. Defendant also argues that the original notice was deficient because it was vague, in that it did not expressly reference the non-PSLRA claims included in the original complaint, and did not give notice of the class period. Defendant argues the original notice was also defective because "it is

questionable" whether <u>Insurance Newscast</u>, the publication in which the notice was given, is a widely circulated national business-oriented publication or wire service. Finally, defendant argues that the notice was defective because it directed interested parties to contact counsel for the plaintiffs rather than to contact the court. Defendant contends it will be prejudiced if new notice is not required, that failure to require new notice in such circumstances will lead to lawyer-driven litigation contrary to the purposes of the PSLRA, and that failure to require new notice leaves open the possibility that a more appropriate lead plaintiff exists for purposes of this action.

Plaintiffs respond to these arguments by pointing out that the amendments do not change or expand the PSLRA claims alleged in the original complaint; rather, the amendments add only non-PSLRA claims.[1] The second amended complaint clarifies that there have been no material changes in the PSLRA claims, since the time those claims were first alleged in the original complaint. (Compare complaint, doc. no. 1, ¶ 16, with second amended complaint, doc. no. 91, ¶ 15, "The National PSLRA Class.") Plaintiffs further state that the new plaintiff, Mr. Stout, may be appointed later under the provisions of Rule 23, Fed. R. Civ. P., for purposes of the non-PSLRA claims, but that he does not act as lead plaintiff for purposes of the PSLRA claims. Plaintiffs point out that none of the cases relied upon by the defendant hold that new notice is required under 78u-4(a)(3)(A)-(B) when the added claims are not PSLRA claims. In general, plaintiffs argue that the new non-PSLRA claims are not subject to the circumscribed requirements for notice under the PSLRA but, instead, are subject to the notice requirements for appointment of lead plaintiffs found in Rule 23,

---

[1] The new claims are additional state law claims brought under multiple states' consumer fraud statutes. The only new plaintiff, Mr. Stout, is a plaintiff under the consumer fraud statutes of various states. The amended complaints also add a citation to the appropriate provision of the Investment Advisors Act. (The IAA claims do not arise under the PSLRA and were alleged in the original complaint.) Neither the IAA nor state consumer fraud act claims require notice prior to certification of the class. *See*, *generally*, Rule 23, Fed. R. Civ. P.

Fed. R. Civ. P.  Finally, plaintiffs point out that defendant did not previously object to any deficiencies in the original notice, so that any objections to the sufficiency of that notice come too late.

In reply to these arguments, defendant correctly observes that the statutory language of § 78u-4(a)(3)(A)(i)(I) states that notice is required of the pendency of "the action" and "the claims asserted therein."  Unlike other provisions of the Act, whose reach is expressly limited to "claims arising under this chapter," *see, e.g.*, section 78u-4(a)(3)(A)(ii), Congress did not expressly limit the notice required under clause (i)(I) to only those claims which arise under the Act.  Thus, at least on its face, clause (i)(I) does not limit the required notice to notice of only PSLRA claims.

It should also be noted, however, that the statute does not expressly require any type of notice at the time of an amendment, regardless of the nature of that amendment.  Moreover, clause (ii), quoted above (which pertains when multiple actions involving the same PSLRA claims are filed) states as follows.

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

Under this clause, if two actions are filed asserting substantially the same claims arising under this chapter -- *i.e.*, if two actions are filed asserting substantially the same PSLRA claims -- then, notice need only be given with respect to the first action, regardless of whatever other, non-PSLRA claims might be included in either the first or the second-filed action.  Thus, clause (ii) suggests that non-PSLRA claims are immaterial to determining whether adequate notice was given under clause (i); or, that even if non-PSLRA claims are not always completely immaterial to notice requirements, they should not be given overriding weight when it comes to determining whether more than one notice of the same PSLRA claims is required.

Finally, although defendant has cited cases which have required new notice following amendments to the pleadings, none of those decisions involved the addition of non-PSLRA claims. (No decisions have been cited by the parties which address this specific issue, one way or the other.) The court concludes that the cases cited by defendant in support of its motion are distinguishable and of limited usefulness here.

The court finds that, if any fairness were to be gained from requiring new notice of non-PSLRA claims, those gains would be extremely limited and marginal at best, and that any such considerations are outweighed here by the delay and inefficiency which republication would necessarily cause. Therefore, consistent with the intent of the PSLRA to have the most adequate lead plaintiffs appointed as soon as practicable, the court concludes that, in the circumstances of this action, the filing of the amended complaints does not require new notice under §78u-4(a)(3)(A)-(B).

With regard to defendant's belated challenges to the sufficiency of the original notice, the court finds that none of those challenges requires new notice at this stage. *See*, Cheney v. Cyberguard Corp., 213 F.R.D. 484, 503 (S.D. Fla. 2003) (noting defendants did not oppose or object to notices at the time of publication). More specifically, consistent with the court's determination that the later inclusion of non-PSLRA claims does not require new notice, the court concludes that the original notice's failure to expressly identify the originally alleged non-PSLRA claims does not render the original notice insufficient. Nor does the original notice's failure to specify the class period require new notice. In that regard, the court notes that a failure to specify *any* class period, although a technical violation of clause (i)(I), is less concerning than a notice which states the class period but which is then followed by an amended complaint that expands the class period. Even in that circumstance, however, courts have not generally required new notice where that is the only change in the claims. *See*, *e.g.*, Cheney, *id.* at 503-04 ("relevant case law has held that

additional notice is not required where the original complaint is amended to include, in part, an extension of the class period"). The also court rejects defendant's somewhat half-hearted arguments regarding the legal sufficiency of the publication in which notice was given, and regarding the fact that the notice advised readers to contact plaintiffs' counsel rather than the court. These arguments are rejected for lack of any developed argument (including the lack of any evidence regarding the nature of the publication in question), because these issues were not raised earlier, and because the court has satisfied itself that the original notice is adequate considering all of the circumstances.

Defendant's motion is **DENIED**.

Dated this 5th day of October, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0121p021(pub).wpd